IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION |
| vs. | ) ) ) | NO. FILED: MAY 19, 2008 08 cv 2900     JH |
| ACTION FENCE CONTRACTORS, INC., | ) ) | JUDGE GETTLEMAN MAGISTRATE JUDGE MASON |
| an Illinois Corporation, | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, International Union of Operating Engineers, Local 150, AFL-CIO (hereinafter, "Local 150"), brings this action to enforce arbitration awards entered against Defendant, Action Fence Contractors, Inc., an Illinois corporation, ("the Company").  In support, Local 150 states as follows:

## COUNT I

1.      This Court has jurisdiction over this action pursuant to Section 301 of the Labor-Management Relations Act (LMRA) of 1947, 29 U.S.C. §185.

2.      Local 150 is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(5), (6) and (7) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§152(5), (6) and (7), and Section 301 of the LMRA, 29 U.S.C. §185.  Its principal offices are located at 6200 Joliet Road, Countryside, Illinois, within the geographic jurisdiction of this Court.

3.     The Company is a corporation and an employer in an industry affecting commerce within the meaning of Section 2(2), (6) and (7) of the NLRA, 29 U.S.C. §§ 152(2), (6) and (7) and Section 301 of the LMRA, 29 U.S.C. § 185.  The Company's principal offices are located at 945 Tower Road, Mundelein, Illinois.

4.     On or about December 1, 1979, October 10, 2002 and July 17, 2003, the Company executed "Memorandums of Agreement" with Local 150 (copies are attached as Exhibit A).

5.     By its terms, the Memorandum of Agreement between the Company and Local 150 adopted the collective bargaining agreement between Mid-America Regional Bargaining Association ("MARBA"), known as the Illinois Building Agreement (the "Master Agreement") then in effect, as well as any and all subsequent master agreements entered into between Local 150 and MARBA (a true and correct copy of the relevant Master Agreement is attached hereto as Exhibit B).

6.     Article II, Section 1 of the Master Agreement effective June 1, 2001 through May 31, 2007 entitled "GRIEVANCES AND ARBITRATION" states as follows (Ex. B at 7-10):

**ARTICLE II**

**Section 1 - Grievances and Arbitration -** For the purpose of this Agreement, the term "grievance" is any claim or dispute involving an interpretation or application of the Agreement by an employee, or an Employer, or the Union, or the Association that one of the other of the aforesaid persons or organization is violating or has violated this Agreement.  All grievances shall be filed under the provisions of this Article.

**STEP ONE:** A grievance shall first be taken up between the Union's Business Representative assigned to the job and a designated representative of the Employer within forty-five (45) days of the date of occurrence giving rise to the grievance or when the affected employee knew or reasonably should have known of the existence of the grievance.  Grievances not raised within the forty-five (45) day period are deemed waived and are not subject to being processed through this procedure.

2

The above forty-five (45) day limit may be waived for violations of Article Section 1 – Work Day, Work Week, Eight Hour Guarantee, Show Up Pay, Call Off and Prep Time, also, Article III Sections 2 and 3. The liability shall be for three (3) years of the violation, verified by audit. Audit fees shall be paid for by the Company, along with a 10% penalty payable to the Union.

**STEP TWO:**  In the event that the grievance cannot be resolved within seven (7) working days of the Step One conference, it shall be reduced to writing and referred for conference and resolution by designated officials of the Union and the Contractor at a pre-grievance hearing to be held at the office of Local 150, 6200 Joliet Road, Countryside, Illinois unless another location is mutually agreed to.

**STEP THREE:**  In the event the grievance cannot be resolved by STEP TWO, the written grievance shall be submitted within fifteen (15) days to the Joint Grievance Committee created in this Article.

The Union and Association have together created a Joint Grievance Committee to resolve grievances arising under this Agreement.  This Committee shall consist of an equal number of members representing Employers and the Union.  The Union or Association may appoint alternate members.

The Joint Grievance Committee shall have the power to resolve all grievances before it and shall have the right to examine all records of the Employers and employees as is reasonably necessary to resolve the grievance.

Where the Joint Grievance Committee, by majority vote, resolves a grievance, no appeal may be taken and such resolution shall be final and binding on all parties and individuals bound by this Agreement.

If the Joint Grievance Committee is unable to resolve a grievance by majority vote, the grievance may be submitted within thirty (30) days to a neutral arbitrator.  If the Union and the Association or the Employer, as the case may be, cannot agree on an arbitrator, then an arbitrator shall be selected in accordance with the rules and procedures of the American Arbitration Association.  The cost of such arbitration shall be borne equally by both parties to the arbitration; and the decision of the arbitrator shall be final and binding on all parties and individuals bound by this Agreement.

The time limits provided in this Section may be extended by mutual written consent of the Union, the Association and/or the Employer.

Neither the Joint Grievance Committee nor an arbitrator shall have any authority to add to, detract from, or in any way alter the provisions of this Agreement or make a new Agreement.

Decisions of the Joint Grievance Committee and Arbitration Awards shall be complied with within seven (7) days of receipt of the decision by the losing party. A party which fails to comply within the seven (7) day period shall be required to pay an additional ten (10%) percent of the amounts owed as liquidated damages for failure to comply with the decision or award. In the event the prevailing party is required to file suit to enforce the decision or award, and it prevails, it shall be entitled to recover its costs, including attorney's fees, from the losing party.

There shall be no lockout by an Employer during the term of this Agreement.

Except as provided in Article II, Sections 3 and 4 of this Agreement, there shall be no strikes or work stoppages by the Union during the term of this Agreement.

7.     On or about November 8, 2006, a dispute arose between Local 150 and the Company under the terms of the Master Agreement. Local 150 alleged that the Company had failed to employ persons referred from the hiring hall, or pay the wages or benefits set forth in the Master Agreement. Local 150 attempted to resolve the dispute at a Step One conference pursuant to the Master Agreement but was unable to do so.

8.     Pursuant to Step Two of the Master Agreement, on November 21, 2006, Local 150 reduced the grievance against the Company to writing and sought to set up a meeting whereby it could be resolved (a copy is attached as Exhibit C). The parties were unable to resolve the dispute at the Step Two proceeding. Consequently, pursuant to Step Three of the contractual grievance procedure, on or about November 1, 2007, Local 150 notified the Company that it would submit the

grievance against the Company to the Joint Grievance Committee (hereinafter referred to as the "JGC") at a hearing scheduled for November 14, 2007 (a copy is attached as Exhibit D).

9.      On November 14, 2007, the JGC conducted a hearing into the grievance brought by Local 150 against the Company.  Based upon the evidence presented at the hearing, the JGC awarded Local 150 $2,047.20 in lost wages and benefits.

10.     By letter dated November 15, 2007, the JGC informed the Company of its decision and award (a copy is attached as Exhibit E).  Despite repeated demands by Local 150, the Company has failed and refused to comply with the JGC award.

11.     The Company failed to comply with the JGC award within seven (7) days.  Therefore, pursuant to Step Three of the contractual grievance procedure, the Company is required to pay an additional ten (10%) percent of all amounts owed as liquidated damages for its failure to comply with the decision or award.

12.     By letter dated April 10, 2008, Plaintiff's Legal Department sent the Company a letter stating that if the Company fails to pay the amount owed pursuant to the JGC, which amount included liquidated damages, a lawsuit would be filed (a copy of the certified letter with confirmation of delivery is attached as Exhibit F).

13.     The Company must, pursuant to Article II, Section 1 of the Master Agreement, pay the attorneys' fees and costs of Local 150 incurred due to the necessity of pursuing this action.

## COUNT II

1-6.    Plaintiff reincorporates and realleges paragraphs 1 – 6 of Count I of the Complaint as if fully set forth in Count II herein.

7.    On or about November 8, 2006, a dispute arose between Local 150 and the Company under the terms of the Master Agreement.  Local 150 alleged that the Company had failed to employ persons referred from the hiring hall, or pay the wages or benefits set forth in the Master Agreement. Local 150 attempted to resolve the dispute at a Step One conference pursuant to the Master Agreement but was unable to do so.

8.    Pursuant to Step Two of the Master Agreement, on November 21, 2006, Local 150 reduced the grievance against the Company to writing and sought to set up a meeting whereby it could be resolved (a copy is attached as Exhibit G).  The parties were unable to resolve the dispute at the Step Two proceeding.  Consequently, pursuant to Step Three of the contractual grievance procedure, on or about November 1, 2007, Local 150 notified the Company that it would submit the grievance against the Company to the JGC at a hearing scheduled for November 14, 2007 (a copy is attached as Exhibit H).

9.    On November 14, 2007, the JGC conducted a hearing into the grievance brought by Local 150 against the Company.  Based upon the evidence presented at the hearing, the JGC awarded Local 150 $2,219.20 in lost wages and benefits.

10.    By letter dated November 15, 2007, the JGC informed the Company of its decision and award (a copy is attached as Exhibit I).  Despite repeated demands by Local 150, the Company has failed and refused to comply with the JGC award.

6

11.     The Company failed to comply with the JGC award within seven (7) days.  Therefore, pursuant to Step Three of the contractual grievance procedure, the Company is required to pay an additional ten (10%) percent of all amounts owed as liquidated damages for its failure to comply with the decision or award.

12.     By letter dated April 10, 2008, Plaintiff's Legal Department sent the Company a letter stating that if the Company fails to pay the amount owed pursuant to the JGC, which amount included liquidated damages, a lawsuit would be filed (a copy of the certified letter with confirmation of delivery is attached as Exhibit J).

13.     The Company must, pursuant to Article II, Section 1 of the Master Agreement, pay the attorneys' fees and costs of Local 150 incurred due to the necessity of pursuing this action.

## COUNT III

1-6.     Plaintiff reincorporated and realleges paragraphs 1 – 6 of Count I of the Complaint as if fully set forth in Count III herein.

7.     On or about October 25, 2007, and ongoing, a dispute arose between Local 150 and the Company under the terms of the Master Agreement.  Local 150 alleged that the Company had failed to employ persons referred from the hiring hall, or pay the wages or benefits set forth in the Master Agreement.  Local 150 attempted to resolve the dispute at a Step One conference pursuant to the Master Agreement but was unable to do so.

8.     Pursuant to Step Two of the Master Agreement, on December 8, 2007, Local 150 reduced the grievance against the Company to writing (a copy is attached as Exhibit K).  The parties were unable to resolve the dispute at the Step Two proceeding.  Consequently, pursuant to Step Three of the contractual grievance procedure, Local 150 notified the Company that it would submit

the grievance against the Company to the JGC at a hearing scheduled for January 30, 2008 (a copy is attached as Exhibit L).

9.     On January 30, 2008, the JGC conducted a hearing into the grievance brought by Local 150 against the Company.  Based upon the evidence presented at the hearing, the JGC awarded Local 150 $439.04 in lost wages and benefits.

10.     By letter January 31, 2008, the JGC informed the Company of its decision and award (a copy is attached as Exhibit M).  Despite repeated demands by Local 150, the Company has failed and refused to comply with the JGC award.

11.     The Company failed to comply with the JGC award within seven (7) days.  Therefore, pursuant to Step Three of the contractual grievance procedure, the Company is required to pay an additional ten (10%) percent of all amounts owed as liquidated damages for its failure to comply with the decision or award.

12.     By letter dated April 10, 2008, Plaintiff's Legal Department sent the Company a letter stating that if the Company fails to pay the amount owed pursuant to the JGC, which amount included liquidated damages, a lawsuit would be filed (a copy of the certified letter with confirmation of delivery is attached as Exhibit N).

13.     The Company must, pursuant to Article II Section 1 of the Master Agreement, pay the attorneys' fees and costs of Local 150 incurred due to the necessity of pursuing this action.

WHEREFORE, Local 150 prays that the Court enter an order:

A.    Enforcing the three JGC awards finding the Company in violation of the Master Agreement;

B.    Compelling the Company to pay Local 150 **$4,705.44** pursuant to those awards and **$470.54** representing ten (10%) percent liquidated damages pursuant to the Master Agreement, totaling **$5,175.98**;

C.    Awarding Local 150 its costs and attorneys' fees for this action which are collectible pursuant to the Master Agreement; and

D.    Awarding such other relief as the Court deems just and proper.


Dated: May 19, 2008                           Respectfully submitted,

                                              INTERNATIONAL UNION OF OPERATING
                                              ENGINEERS, LOCAL 150, AFL-CIO,

                                              By:    s/Karl E. Masters
                                              One of the Attorneys for the Plaintiff


Names and Address of Attorneys for the Plaintiff:

Dale D. Pierson
Karl E. Masters
Local 150 Legal Dept.
6140 Joliet Road
Countryside, IL 60525
(708) 579-6663

**MEMORANDUM OF AGREEMENT**

08 cv 2900
JUDGE GETTLEMAN

THIS AGREEMENT made and entered into by and between **ACTION FENCE CONTRACTORS, IN**

**945 TOWER RD   MUNDELEIN, IL 60060**                    , its successors and assigns,

MAGISTRATE JUDGE MASON

hereinafter referred to as the "EMPLOYER", First Party, and LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, hereinafter referred to as the "UNION", Second Party.

THIS AGREEMENT is made in consideration of the instant promises of the First and Second Parties and the parties do hereby agree as follows:

1. The EMPLOYER recognizes the UNION as the sole and exclusive bargaining representative for and on behalf of the employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION. Prior to recognition, the EMPLOYER was presented and reviewed valid written evidence of the UNION's exclusive designation as bargaining representative by the majority of appropriate bargaining unit employees of EMPLOYER.

2. The Parties agree that the EMPLOYER is part of a single bargaining unit made up of all employers party to the Master Agreement adopted herein.

3. The Parties do hereby adopt the Master Agreement dated **JUNE 1, 2001**

entered into by and between the UNION and the **MID-AMERICA REGIONAL BARGAINING**

**ASSOCIATION ILLINOIS BUILDING AGREEMENT**                    and the parties do hereby mutually agree to be bound by the terms and conditions of that Master Agreement and the Agreement and Declaration of Trust of the Midwest Operating Engineers Pension Plan, Midwest Operating Engineers Welfare Plan, Local 150 I.U.O.E. Vacation Savings Plan and the Local 150 Apprenticeship Fund, and all amendments heretofore or hereafter made thereto, as though the same were fully incorporated herein. The Employer acknowledges that he has received a copy of the aforesaid Master Agreement, that he has reviewed same and that he is aware of the obligations arising thereunder.

4. This Agreement and the adoption of the Master Agreement and the Agreements and Declarations of

Trust referred to in paragraph 3 above, shall be effective as of **JULY 17, 2003**

_____, and remain in effect to and including the expiration date of the Master Agreement adopted herein. This Agreement shall continue in effect from year to year thereafter and specifically adopt

any Master Agreement entered into between the Union and **M.A.R.B.A. – ILLINOIS**

**BUILDING AGREEMENT**                    subsequent to the expiration date of the Master Agreement herein adopted unless notice of termination or amendment is given in the manner provided herein.

5. Either Party desiring to amend or terminate this Memorandum of Agreement must notify the other in writing at least three (3) calendar months prior to the expiration of the Master Agreement adopted herein.

IN WITNESS WHEREOF, the Parties have executed this Memorandum of Agreement the

**17TH**    day of **JULY**    , **2003**

**ACTION FENCE CONTRACTORS, INC.**
Employer

By _James C. Mertens_

**JAMES MERTENS**
_LABOR SUPER_
PRINT                    Title   **LABOR SUPER**

o/   **847-949-6690**
F/   **847-949-6499**
IUOE Form 150

**OFFICE COPY**

**LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO**

By _Wm C. Dugan_

**WILLIAM M. DUGAN**
_John M. Cilo_
**STEVEN M. CISCO**

_Frank Steil_
**FRANK STEIL** use only

| | |
|---|---|
| **NO:** Fringe Benefits - Unincorporated Owner/Operator | |
| ☒ **YES:** Fringe Benefits - Bargaining Unit Employees | |
| **YES:** Fringe Benefits - Employee Qualified Under 168 Ho... | |

**EXHIBIT**

A

Fax # 358-9100

# MEMORANDUM OF AGREEMENT

THIS AGREEMENT made and entered into by and between **ACTION FENCE CONTRACTORS** BULE NORTHWEST HIGHWAY OFFICE 33N PALATINE IL 60067 its successors and assigns, hereinafter referred to as the "EMPLOYER", First Party, and LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, hereinafter referred to as the "UNION", Second Party.

THIS AGREEMENT is made in consideration of the mutual promises of the First and Second Parties and the parties do hereby agree as follows:

1. The EMPLOYER recognizes the UNION as the sole and exclusive bargaining representative for and on behalf of the employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION.

2. The Parties do hereby adopt the Master Agreement dated June 1 1976 entered into by and between the UNION and the MID AMERICA REGIONAL BARGAINING ASSOCIATION (BUILDING) and the parties do hereby mutually agree to be bound by the terms and conditions of that Master Agreement and the Agreement and Declaration of Trust of the Midwest Operating Engineers Pension Plan, Midwest Operating Engineers Welfare Plan, Local 150 I.U.O.E. Vacation Savings Plan and the Local 150 Apprenticeship Fund, and all amendments heretofore or hereafter made thereto, as though the same were fully incorporated herein.

3. This Agreement and the adoption of the Master Agreement and the Agreements and Declarations of Trust referred to in paragraph 2 above, shall be effective as of DECEMBER 1, 1976, and remain in effect to and including the expiration date of the Master Agreement adopted herein. This Agreement shall continue in effect from year to year thereafter and specifically adopt any Master Agreement entered into between the Union and M A R B A (BUILDING) subsequent to the expiration date of the Master Agreement herein adopted unless notice of termination or amendment is given in the manner provided herein.

4. Either Party desiring to amend or terminate this Memorandum of Agreement must notify the other in writing at least three (3) calendar months prior to the expiration of the Master Agreement adopted herein.

IN WITNESS WHEREOF, the Parties have executed this Memorandum of Agreement the 1st day of December 19 76.

P O Box 866

Action Fence Palatine, IL 60067
_____
Employer

By _____

_____
Mgr.
Title

LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO

By _____

WILLIAM E. MARTIN

_____
LESTER R. DUGGAN

_____
CARL M. DAVIS

OFFICE COPY

THIS AGREEMENT made and entered into by and between <u>ACTION FENCE CONTRACTORS</u>

<u>945 Tower Road, Mundelin, IL 60060</u>, its successors and assigns, hereinafter referred to as the "EMPLOYER", First Party, and LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, hereinafter referred to as the "UNION", Second Party.

THIS AGREEMENT is made in consideration of the instant promises of the First and Second Parties and the parties do hereby agree as follows:

1. The EMPLOYER recognizes the UNION as the sole and exclusive bargaining representative for and on behalf of the employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION. Prior to recognition, the EMPLOYER was presented and reviewed valid written evidence of the UNION's exclusive designation as bargaining representative by the majority of appropriate bargaining unit employees of EMPLOYER.

2. The Parties agree that the EMPLOYER is part of a single bargaining unit made up of all employers party to the Master Agreement adopted herein.

3. The Parties do hereby adopt the Master Agreement dated <u>June 1, 1997</u>

entered into by and between the UNION and the <u>CALUMET BUILDERS ASSOCIATION, INC./</u>

<u>INDUSTRIAL CONTRACTORS & BUILDERS ASSOCIATION OF Indiana</u> and the parties do hereby mutually agree to be bound by the terms and conditions of that Master Agreement and the Agreement and Declaration of Trust of the Midwest Operating Engineers Pension Plan, Midwest Operating Engineers Welfare Plan, Local 150 I.U.O.E. Vacation Savings Plan and the Local 150 Apprenticeship Fund, and all amendments heretofore or hereafter made thereto, as though the same were fully incorporated herein. The Employer acknowledges that he has received a copy of the aforesaid Master Agreement, that he has reviewed same and that he is aware of the obligations arising thereunder.

4. This Agreement and the adoption of the Master Agreement and the Agreements and Declarations of

Trust referred to in paragraph 3 above, shall be effective as of <u>October 10, 2002</u>

<u>                    </u>, and remain in effect to and including the expiration date of the Master Agreement adopted herein. This Agreement shall continue in effect from year to year thereafter and specifically adopt

any Master Agreement entered into between the Union and <u>CALUMET BUILDERS ASSOCIATION, INC./</u>

<u>INDUSTRIAL CONTRACTORS & BLDRS. ASSOC. OF INDIANA</u> subsequent to the expiration date of the Master Agreement herein adopted unless notice of termination or amendment is given in the manner provided herein.

5. Either Party desiring to amend or terminate this Memorandum of Agreement must notify the other in writing at least three (3) calendar months prior to the expiration of the Master Agreement adopted herein.

IN WITNESS WHEREOF, the Parties have executed this Memorandum of Agreement the

<u>10th</u> day of <u>October</u>, <u>2002</u>.

ACTION FENCE CONTRACTORS
Employer

By _Jim Martin MERTINS_
Jim Martin
Superintendent/V. Pres.
Title

LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO

By _William F. Dugan_
William F. Dugan
Steven M. Cisco
Before the Reccording the officers
George M. Campbell, IV

1: 847/358-9100     Fax: 847/949-6499

Form 150

OFFICE COPY

| | | |
|---|---|---|
| **NO:** | Fringe Benefits - Unincorporated Owner/Operator | |
| X **YES:** | Fringe Benefits - Bargaining Unit Employees | |
| **YES:** | Fringe Benefits - Employees Qualified Under 168 Hour Contribution Clause | |

# ILLINOIS BUILDING

# AGREEMENT
## DISTRICTS 1 - 2 - 3



# INTERNATIONAL UNION OF
# OPERATING ENGINEERS
# LOCAL 150
# AFL-CIO

# EFFECTIVE JUNE 1, 2001
# THROUGH MAY 31, 2007

 36



EXHIBIT
B

# MARBA ILLINOIS BUILDING AGREEMENT

## Table of Contents

Joint Agreement ................................... 1

**Article I**

Section 1  Bargaining Unit ........................... 2

Section 2  Recognition ............................... 3

Section 3  Scope of Work ............................. 4

Section 4  Union Shop ................................ 4

    Management Rights ............................... 5

Section 5  Job Conference ............................ 5

Section 6  Branches of Work .......................... 5

Section 7  Successor / Employers ..................... 6

    Notice to the Union .............................. 6

Section 8  Assignment of Work ........................ 7

**Article II**

Section 1 Grievances and Arbitration ................. 7

    Step One ........................................ 8

    Step Two ........................................ 8

    Step Three ...................................... 8

Section 2  Bonding of Employer ....................... 10

Section 3  Penalty for Failure to Pay Wages or

Fringe Benefits ...................................... 10

    Wages ........................................... 10

    Penalty for Failure to Pay Pension and/or Health
and Welfare and/or Vacation Contributions
and/or Dues Check Off ............................. 11

Section 4  Legitimate Picket Line .................... 11

Section 5  Access to Premises ........................ 11

Section 6 ............................................ 12

    No Discrimination ............................... 12

    Insurance Coverage .............................. 12

# SECTION 8 - ASSIGNMENT OF WORK

a) The Employer hereby agrees to assign ALL work that is to be performed in the categories described in Article I, Section 3, Article VI, and/or Article VIII to employees in the bargaining unit covered by this Agreement.

b) The Employer, by entering into this Agreement hereby states and affirms that it is the Employer's preference to have ALL work identified or described in Article I, Section 3, Article VI, and/or Article VIII be performed by employees in the bargaining unit represented by the Union covered by this Agreement.

c) Grievances alleging a violation of this Section, based upon assignment of work to employees and or labor organizations not affiliated with the Building and Construction Trades Department A.F.L.- C.I.O. shall be processed through the Grievance Procedure in Article II of this Agreement and shall not be considered to be a jurisdictional dispute and thereby excluded from the Grievance Procedure.

d) The Employer agrees to compensate the bargaining unit member who would have worked but for the Employer's violation of this Section at the double (2x) time rate for all hours the bargaining unit member would have worked but for the Employer's violation.

# ARTICLE II

## SECTION 1 - GRIEVANCES AND ARBITRATION -

For the purpose of this Agreement, the term "grievance" is any claim or dispute involving an interpretation or application of the Agreement by an employee, or an Employer, or the Union, or the Association that one or the other of the aforesaid persons or organization is violating or had violated this Agreement.

7



All grievances shall be filed under the provisions of this Article.

**STEP ONE:** A grievance shall first be taken up between the Union's Business Representative assigned to the job and a designated representative of the Employer. The Union must file the grievance within forty-five (45) days of the date of occurrence giving rise to the grievance or when the affected employee knew or reasonably should have known of the existence of the grievance. Grievances not filed within the forty-five (45) day period are deemed waived and are not subject to being processed through this procedure.

The above forty-five (45) day limit may be waived for violations of Article V Section 1 - Starting Time - Work Day - Lunch Period and Article V Section 2 - Show-Up Time also, Article V Section 5 - Overtime/Holidays. The liability shall be for three (3) years of the violation, verified by audit. Audit fees shall be paid for by the Company, along with a 10% penalty payable to the Union.

**STEP TWO:** In the event the grievance cannot be resolved within seven (7) days working days of the STEP ONE conference, it shall be reduced to writing and referred for conference and resolution by designated officials of the Union and the Contractor at a pre-grievance hearing to be held at the office of Local 150, 6200 Joliet Road, Countryside, Illinois, unless another location is mutually agreed to.

**STEP THREE:** In the event the grievance cannot be resolved by STEP TWO, the written grievance shall be submitted within fifteen (15) days to the Joint Grievance Committee created in this Article.

The Union and Association have together created a Joint Grievance Committee to resolve grievances arising

8

under this Agreement.  This committee shall consist of an equal number of members representing Employers and the Union.  The Union or Association may appoint alternate members.

The Joint Grievance Committee has formulated rules of procedure to govern the conduct of its meetings and such rules for the processing of grievances as are not in conflict with this Agreement.

The Joint Grievance Committee shall have the power to resolve all grievances before it and shall have the right to examine all records of the Employers and employees as is reasonably necessary to resolve the grievance.

Where the Joint Grievance Committee, by majority vote resolves a grievance, no appeal may be taken and such resolution shall be final and binding on all parties and individuals bound by this Agreement.

If the Joint Grievance Committee is unable to resolve a grievance by majority vote, the grievance may be submitted within thirty (30) days to a neutral arbitrator.  If the Union and the Association or the Employer, as the case may be, cannot agree on an arbitrator, then an arbitrator shall be selected in accordance with the rules and procedures of the American Arbitration Association. The cost of such arbitrator shall be borne equally by both parties to the arbitration; and the decision of the arbitrator shall be final and binding on all parties and individuals bound by this Agreement.

The time limits provided in this Section may be extended by mutual written consent of the Union and the Association and/or the Employer.

Neither the Joint Grievance Committee nor an arbitrator shall have any authority to add to, detract from, or in any way alter the provisions of this Agreement or make a new Agreement.

9



Decisions of the Joint Grievance Committee and Arbitration awards shall be complied with within seven (7) days of receipt of the decision by the losing party. A party which fails to comply within the seven (7) day period shall be required to pay an additional ten (10) percent of all amounts owed as liquidated damages for failure to comply with the decision of award. In the event the prevailing party is required to file suit to enforce the decision or award, and it prevails, it shall be entitled to recover its costs, including attorneys' fees, from the losing party.

There shall be no lockout by an Employer during the term of this Agreement.

Except as provided in Article II, Sections 3 and 4 of this Agreement, there shall be no strikes or work stoppages by the Union during the term of this Agreement.

**SECTION 2** - BONDING OF EMPLOYER - The Union may at its discretion demand a payment bond of any Employer guaranteeing payment of all earnings and/or other Fringe Benefit payments as provided for in this Agreement.

**SECTION 3** - PENALTY FOR FAILURE TO PAY WAGES OR FRINGE BENEFITS

A. WAGES - If any Employer fails to pay wages, the arbitration procedure herein provided for shall become inoperative and the Union shall be entitled to resort to all legal and economic remedies, including the right to strike and picket until such failure to pay has been corrected.

This clause shall be inoperative if the amount of wages is bonafidely disputed. In such instance, the Employer shall then pay the wages admitted to be due and the balance shall be settled by the arbitration procedure as provided herein.

If an employee is not paid on the regular assigned pay day, the Employer shall pay penalty of four (4) hours a day

10

# INTERNATIONAL UNION OF OPERATING ENGINEERS

### LOCAL UNION NO. 150, 150B, 150A, 150C, 150RA, 150D, 150G, 150M
#### AFFILIATED WITH THE A.F.L.-C.I.O. AND BUILDING TRADES DEPARTMENT

**WILLIAM E. DUGAN**
PRESIDENT-BUSINESS MANAGER



(708) 482-8800 · FAX (708) 482-7186
6200 JOLIET ROAD
COUNTRYSIDE, IL 60525-3992

---

### STATEMENT OF BUSINESS AGENT

#### *REVISED*

**TO:**  Steven M. Cisco
Recording-Corresponding Secretary

**RE:**  Action Fence Contractor's, Inc. - Violations of Article I, Section 8 – Assignment of Work
Article II, Section 7 – Hiring of the MARBA Illinois Building Agreement
Union File No. 06-302          *(Skidsteer  Class IV)*

I stopped on the Lowes jobsite in Elgin to card Operators.  Action Fence had a Skidsteer drilling holes for fence posts and moving materials on site.  The company has a twelve (12') foot high fence that surrounds the store's garden center.  The company was onsite four (4) other work days prior to the date November 8, 2006.  I carded the man on the machine and he did not have a Local 150 Union Card.

Took pictures on November 8, 2006.

**Violation Date:**        November 8, 2006 and Ongoing

**Relief Sought:**        Wages and fringe benefits for *(Skidsteer  Class IV)*

| Wages | $35.95  x  8 Hours = | *$287.60 | |
|---|---|---|---|
| Fringe Benefits | $15.23  x  8 Hours = | *$121.84 | |
| | Subtotal | *$409.44 | |
| | **Total Per Week:** **$409.44 x 5 Days =** | *$2,047.20 | **\*Per day/week to be paid to the IUOE Local 150 Assistance Fund** |

*This amount will increase with each additional day/week of violation.

Mike Kresge, Business Representative – Dist. 2
November 21, 2006
File No. 06-302



EXHIBIT
C



JOINT GRIEVANCE COMMITTEE
OPERATING ENGINEERS, LOCAL 150

| | |
|---|---|
| **CO-CHAIRMEN** | **CO-CHAIRMAN** |
| John Vignocchi/Joseph Benson | William E. Dugan |
| Mid-America Regional | President-Business Manager |
| Bargaining Association | Local 150, International Union |
| 2720 River Road | of Operating Engineers |
| Suite 222 | 6200 Joliet Road |
| Des Plaines, Illinois 60018 | Countryside, Illinois 60525 |
| Telephone: (847) 699-1283 | Telephone: (708) 482-8800 |

**VIA CERTIFIED & REGULAR MAIL**

November 1, 2007


Mr. Art Duncan                                          Mr. Mike Kresge
Action Fence Contractor's, Inc.                         Operating Engineers Local 150
945 Tower Road                                          1050 E. Frontage Road
Mundelein, IL 60060                                     Joliet, IL 60431


SUBJECT:     **Grievance No. 07-32**
             **Union File No. 06-302**

Gentlemen:

A hearing of the above grievance will be held at the offices of the **Operating Engineers, Local 150 6200 Joliet Road, Countryside Illinois,** at the time and date indicated below:

DATE:     **Wednesday, November 14, 2007**

TIME:     **9:40 A. M.**

Please note that the Committee may, by majority vote, reach a binding decision and may act in the absence of either party. The proceedings assure an opportunity to present matters in your behalf, including any documented evidence, records, witnesses, etc., and to rebut testimony of the Grievant or his Representative.

Please address questions to the undersigned at the Des Plaines Avenue address and telephone shown. The telephone number of the Local 150 office is (708) 482-8800 should you wish to contact the Joint Committee during hearing hours.

Sincerely,

*Carol A. Lord*

Carol A. Lord
Committee Secretary


cc:     Co-Chairmen
        Heidi Adams
        James Karamanis


**CERTIFIED MAIL #7004 1350 0003 1609 6760**



EXHIBIT

D

**JOINT GRIEVANCE COMMITTEE**
**OPERATING ENGINEERS, LOCAL 150**

**CO-CHAIRMEN**
John Vignocchi/Joseph Benson
Mid-America Regional
  Bargaining Association
2720 S. River Road
Suite 222
Des Plaines, Illinois  60018
TELEPHONE:  (847)  699-1283

**CO-CHAIRMAN**
William E. Dugan
President & Business Manager
Local 150, International Union
  of Operating Engineers
6200 Joliet Road
Countryside, Illinois  60525
TELEPHONE:  (708)  482-8800

November 15, 2007

Mr. Art Duncan
Action Fence Contractor's, Inc.
945 Tower Road
Mundelein, IL  60060

Mr. Mike Kresge
Operating Engineers Local 150
1050 E. Frontage Road
Joliet, IL  60431

**SUBJECT:   Grievance No. 07-32**
**Union File No. 06-302**

Gentlemen:

This is to confirm the decision of the Joint Committee in the above case as announced following a hearing on November 14, 2007, at the offices of the Operating Engineers Local 150, Countryside, Illinois.

Based on the testimony heard, the Committee, by majority decision, has determined as follows:

  1)  The Employer shall pay the Local 150 Assistance Fund
      the sum of $2,047.20.
  2)  The check should be sent to Steven Cisco, Local 150
      for distribution.

Your attention is directed to Article II, Section 1 of the Building Agreement which provides in part that: "Decisions of the Joint Grievance Committee and Arbitration Awards shall be complied with within seven (7) days of receipt of the decision by the losing party.  A party which fails to comply within the seven (7) day period shall be required to pay an additional ten percent (10%) of all amounts owed as liquidated damages for failure to comply with the decision or award.  In the event the prevailing party is required to file suit to enforce the decision or award, and it prevails, it shall be entitled to recover its costs, including attorney's fees, from the losing party."

Sincerely,

*Carol A. Lord*

Carol A. Lord
Committee Secretary

cc:     Co-Chairmen
        Heidi Adams

**EXHIBIT**
E

tabbies

## JOINT GRIEVANCE COMMITTEE
## OPERATING ENGINEERS, LOCAL 150

**CO-CHAIRMAN**
John Vignocchi/Joseph Benson
Mid-America Regional
  Bargaining Association
2720 River Road
Suite 222
Des Plaines, Illinois  60018

TELEPHONE:  (847)  699-1283

**CO-CHAIRMAN**
William E. Dugan
President & Business Manager
Local 150, International Union
  of Operating Engineers
6200 Joliet Road
Countryside, Illinois  60525

TELEPHONE:  (708)  482-8800

Date: _____11-14-07_____

Grievance No.: ____07-32____

### DECISION

Based on the testimony heard, the Committee by majority decision determined as follows:

1)     The Employer shall pay the Local 150 Assistance Fund the sum
       of $ __2,047.20__ .

2)     The check should be sent to Steven Cisco, Local 150, for
       distribution.

APPROVED:

_____
MANAGEMENT CHAIRMAN

_____
UNION CHAIRMAN

# INTERNATIONAL UNION OF OPERATING ENGINEERS
### LOCAL UNION NO. 150, 150B, 150A, 150C, 150RA, 150D, 150G, 150M
#### AFFILIATED WITH THE A.F.L.-C.I.O.

6140 JOLIET ROAD
COUNTRYSIDE, IL 60525



708-579-6663
FAX 708-588-1647

DALE D. PIERSON
ELIZABETH A. LaROSE
MELINDA S. HENSEL
ROBERT E. ENTIN
BRYAN P. DIEMER

**LEGAL DEPARTMENT**

April 10, 2008

CHARLES R. KISER
MARC R. POULOS
ROBERT G. REITER, JR.
MELISSA BINETTI
LAUREN SHAPIRO
KARL E. MASTERS

<u>VIA FACSIMILE AND</u>
<u>CERTIFIED MAIL NO. 7005 1820 0001 6675 6664</u>
<u>RETURN RECEIPT REQUESTED</u>
Mr. Art Duncan
Action Fence Contractor's Inc.
945 Tower Road
Mundelein, IL 60060

Re:   Action Fence Contractor's Inc.
      Grievance No. 07-31; Union File No. 06-301 ($2,219.20)
      Grievance No. 07-32; Union File No. 06-302 ($2,047.20)
      Grievance No. 08-18; Union File No. 07-294 ($ 439.04)
      Our File Nos. AE-00102, AE-00104 and AE-00112

Dear Mr. Duncan:

On November 14, 2007 and January 30, 2008, the Joint Grievance Committee, established pursuant to the Illinois Heavy, Highway and Underground Agreement between the Mid-America Regional Bargaining Association and the International Union of Operating Engineers, Local 150, issued awards against your company in favor of the Union in the total amount of $4,705.44. You previously received copies of the awards on November 15, 2007, January 11, 2008, January 31, 2008 and March 3, 2008. I have included copies of the awards with this letter. To date, these awards remain unpaid, and as a result, the Union is entitled to liquidated damages in the amount of $5,175.98.

The Union is prepared to file suit against your company in federal court in order to collect the amounts due. If you wish to avoid suit, please send payment to the attention of the undersigned immediately, payable to the "Local 150 Assistance Fund." Any payment must come in the form of a cashier's check.

Please be aware that the parties' contract provides that you are responsible for payment of attorneys' fees and court costs if the Union is required to file suit to enforce these awards. Thank you for your prompt attention to this matter.

Sincerely,

IUOE, LOCAL 150, AFL-CIO
LEGAL DEPARTMENT

Karl E. Masters

KEM:cbb
Enclosures
*(also sent via U.S. mail)*
cc:    James McNally
I:\AE\Action Fence Contractor's, Inc\initial demand letter.4.10.08.doc



EXHIBIT





**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ 75 |
| Certified Fee | 265 |
| Return Receipt Fee (Endorsement Required) | 215 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $5.55 |

Postmark Here

Sent To    Art Duncan / Action Fence
Street, Apt. No.; or PO Box No.    945 Tower Rd
City, State, ZIP+4    Mundelein IL 60060

PS Form 3800, June 2002                See Reverse for Instructions

7005 1820 0001 6675 6664

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Art Duncan
Action Fence Contra...
945 Tower Rd
Mundelein IL
        60060

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

received 4/11/088

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7005 1820 0001 6675 6664

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**WILLIAM E. DUGAN**
PRESIDENT-BUSINESS MANAGER

(708) 482-8800 · FAX (708) 482-7186
6200 JOLIET ROAD
COUNTRYSIDE, IL 60525-3992

## STATEMENT OF BUSINESS AGENT

### *REVISED*

**TO:**   Steven M. Cisco
Recording-Corresponding Secretary

**RE:**   Action Fence Contractor's, Inc. - Violations of Article I, Section 8 – Assignment of Work
Article II, Section 7 – Hiring of the MARBA Illinois Building Agreement
Union File No. 06-301          *(Forklift (off-road) Class II)*

I stopped on the Lowes jobsite in Elgin to card Operators.  Action Fence had a Forklift on site.
The company was using the machine to move and set twelve (12') foot high fence posts in
place.  The posts were for a fence that surrounds the store's garden center.  The company was
onsite four (4) other work days prior to the date November 8, 2006.  I carded the man on the
machine and he did not have a Local 150 Union Card.

Took pictures on November 8, 2006.


**Violation Date:**       November 8, 2006 and Ongoing


**Relief Sought:**       Wages and fringe benefits for *Forklift (off-road) Class II*


| Wages | $40.25  x  8 Hours = | *$322.00 | |
|---|---|---|---|
| Fringe Benefits | $15.23  x  8 Hours = | *$121.84 | |
| | Subtotal | *$443.84 | |
| | **Total Per Week:** **$443.84 x 5 Days =** | *$2,219.20 | **\*Per day/week to be paid to the IUOE Local 150 Assistance Fund** |

*This amount will increase with each additional day/week of violation.

Mike Kresge, Business Representative – Dist. 2
November 21, 2006
File No. 06-301



NOV 2 7 2006



EXHIBIT
G

**JOINT GRIEVANCE COMMITTEE**
**OPERATING ENGINEERS, LOCAL 150**

| CO-CHAIRMEN | CO-CHAIRMAN |
|---|---|
| John Vignocchi/Joseph Benson | William E. Dugan |
| Mid-America Regional | President-Business Manager |
|   Bargaining Association | Local 150, International Union |
| 2720 River Road |   of Operating Engineers |
| Suite 222 | 6200 Joliet Road |
| Des Plaines, Illinois 60018 | Countryside, Illinois 60525 |
| Telephone: (847) 699-1283 | Telephone: (708) 482-8800 |

**VIA CERTIFIED & REGULAR MAIL**

November 1, 2007

Mr. Art Duncan                                Mr. Mike Kresge
Action Fence Contractor's, Inc.             Operating Engineers Local 150
945 Tower Road                          1050 E. Frontage Road
Mundelein, IL 60060                   Joliet, IL 60431

SUBJECT:    **Grievance No. 07-31**
                   **Union File No. 06-301**

Gentlemen:

A hearing of the above grievance will be held at the offices of the **Operating Engineers, Local 150 6200 Joliet Road, Countryside Illinois,** at the time and date indicated below:

                **DATE:**   **Wednesday, November 14, 2007**

                **TIME:**   **9:30 A. M.**

Please note that the Committee may, by majority vote, reach a binding decision and may act in the absence of either party. The proceedings assure an opportunity to present matters in your behalf, including any documented evidence, records, witnesses, etc., and to rebut testimony of the Grievant or his Representative.

Please address questions to the undersigned at the Des Plaines Avenue address and telephone shown. The telephone number of the Local 150 office is (708) 482-8800 should you wish to contact the Joint Committee during hearing hours.

Sincerely,

*Carol A. Lord*

Carol A. Lord
Committee Secretary

cc:    Co-Chairmen
       Heidi Adams
       James Karamanis

**CERTIFIED MAIL #7004 1350 0003 1609 6753**

EXHIBIT
H

# JOINT GRIEVANCE COMMITTEE
## OPERATING ENGINEERS, LOCAL 150

| CO-CHAIRMEN | CO-CHAIRMAN |
|---|---|
| John Vignocchi/Joseph Benson | William E. Dugan |
| Mid-America Regional | President & Business Manager |
| Bargaining Association | Local 150, International Union |
| 2720 S. River Road | of Operating Engineers |
| Suite 222 | 6200 Joliet Road |
| Des Plaines, Illinois 60018 | Countryside, Illinois 60525 |
| TELEPHONE: (847) 699-1283 | TELEPHONE: (708) 482-8800 |

November 15, 2007

Mr. Art Duncan                                    Mr. Mike Kresge
Action Fence Contractor's, Inc.                   Operating Engineers Local 150
945 Tower Road                                    1050 E. Frontage Road
Mundelein, IL  60060                              Joliet, IL  60431

**SUBJECT:   Grievance No. 07-31**
**Union File No. 06-301**

Gentlemen:

This is to confirm the decision of the Joint Committee in the above case as announced following a hearing on November 14, 2007, at the offices of the Operating Engineers Local 150, Countryside, Illinois.

Based on the testimony heard, the Committee, by majority decision, has determined as follows:

1) The Employer shall pay the Local 150 Assistance Fund
   the sum of $2,219.20.
2) The check should be sent to Steven Cisco, Local 150
   for distribution.

Your attention is directed to Article II, Section 1 of the Building Agreement which provides in part that: "Decisions of the Joint Grievance Committee and Arbitration Awards shall be complied with within seven (7) days of receipt of the decision by the losing party. A party which fails to comply within the seven (7) day period shall be required to pay an additional ten percent (10%) of all amounts owed as liquidated damages for failure to comply with the decision or award. In the event the prevailing party is required to file suit to enforce the decision or award, and it prevails, it shall be entitled to recover its costs, including attorney's fees, from the losing party."

Sincerely,

*Carol A. Lord*

Carol A. Lord
Committee Secretary

cc:     Co-Chairmen
        Heidi Adams



EXHIBIT
I

**JOINT GRIEVANCE COMMITTEE**
**OPERATING ENGINEERS, LOCAL 150**

**CO-CHAIRMAN**
John Vignocchi/Joseph Benson
Mid-America Regional
  Bargaining Association
2720 River Road
Suite 222
Des Plaines, Illinois  60018

TELEPHONE: (847) 699-1283

**CO-CHAIRMAN**
William E. Dugan
President & Business Manager
Local 150, International Union
  of Operating Engineers
6200 Joliet Road
Countryside, Illinois  60525

TELEPHONE: (708) 482-8800

Date: _____11-14-07_____

Grievance No.: _____07-31_____

**DECISION**

Based on the testimony heard, the Committee by majority decision determined as follows:

1) The Employer shall pay the Local 150 Assistance Fund the sum of $ 2,219.20 .

2) The check should be sent to Steven Cisco, Local 150, for distribution.

APPROVED:

_____
MANAGEMENT CHAIRMAN

_____
UNION CHAIRMAN

# INTERNATIONAL UNION OF OPERATING ENGINEERS

### LOCAL UNION NO. 150, 150B, 150A, 150C, 150RA, 150D, 150G, 150M

#### AFFILIATED WITH THE A.F.L.-C.I.O.



6140 JOLIET ROAD
COUNTRYSIDE, IL 60525

708-579-6663
FAX 708-588-1647

DALE D. PIERSON
ELIZABETH A. LAROSE
MELINDA S. HENSEL
ROBERT E. ENTIN
BRYAN P. DIEMER

## LEGAL DEPARTMENT

April 10, 2008

CHARLES R. KISER
MARC R. POULOS
ROBERT G. REITER, JR.
MELISSA BINETTI
LAUREN SHAPIRO
KARL E. MASTERS

VIA FACSIMILE AND
CERTIFIED MAIL NO. 7005 1820 0001 6675 6664
RETURN RECEIPT REQUESTED
Mr. Art Duncan
Action Fence Contractor's Inc.
945 Tower Road
Mundelein, IL 60060

> Re:   Action Fence Contractor's Inc.
> Grievance No. 07-31; Union File No. 06-301 ($2,219.20)
> Grievance No. 07-32; Union File No. 06-302 ($2,047.20)
> Grievance No. 08-18; Union File No. 07-294 ($   439.04)
> Our File Nos. AE-00102, AE-00104 and AE-00112

Dear Mr. Duncan:

On November 14, 2007 and January 30, 2008, the Joint Grievance Committee, established pursuant to the Illinois Heavy, Highway and Underground Agreement between the Mid-America Regional Bargaining Association and the International Union of Operating Engineers, Local 150, issued awards against your company in favor of the Union in the total amount of $4,705.44. You previously received copies of the awards on November 15, 2007, January 11, 2008, January 31, 2008 and March 3, 2008. I have included copies of the awards with this letter. To date, these awards remain unpaid, and as a result, the Union is entitled to liquidated damages in the amount of $5,175.98.

The Union is prepared to file suit against your company in federal court in order to collect the amounts due. If you wish to avoid suit, please send payment to the attention of the undersigned immediately, payable to the "Local 150 Assistance Fund." Any payment must come in the form of a cashier's check.

Please be aware that the parties' contract provides that you are responsible for payment of attorneys' fees and court costs if the Union is required to file suit to enforce these awards. Thank you for your prompt attention to this matter.

Sincerely,

IUOE, LOCAL 150, AFL-CIO
LEGAL DEPARTMENT

Karl E. Masters

KEM:cbb
Enclosures
*(also sent via U.S. mail)*
cc:   James McNally
I:\AE\Action Fence Contractor's, Inc\initial demand letter.4.10.08.doc



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ 75 | |
| Certified Fee | 265 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 215 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $5.55 | |

Sent To *Art Duncan / Action Fence*
Street, Apt. No.; or PO Box No. *945 Tower Rd*
City, State, ZIP+4 *Mundelier IL 60060*

PS Form 3800, June 2002                    See Reverse for Instructions

7005 1820 0001 6675 6664

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Art Duncan*
*Action Fence Contra*
*945 Tower Rd*
*Mundelien IL*
*60060*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Erin Ille*          ☐ Agent  ☑ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
*Erin Ille*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

received
4/10/08

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

   7005 1820 0001 6675 6664

PS Form 3811, February 2004        Domestic Return Receipt          102595-02-M-1540

# INTERNATIONAL UNION OF OPERATING ENGINEERS

LOCAL UNION NO. 150, 150B, 150A, 150C, 150RA, 150D, 150G, 150M

AFFILIATED WITH THE A.F.L.-C.I.O. AND BUILDING TRADES DEPARTMENT



**WILLIAM E. DUGAN**
PRESIDENT-BUSINESS MANAGER

(708) 482-8800 · FAX (708) 482-7186
6200 JOLIET ROAD
COUNTRYSIDE, IL 60525-3992

---

## STATEMENT OF BUSINESS AGENT

**TO:**   James J. McNally
Assistant to President-Business Manager

**RE:**   *Action Fence Contractor's, Inc.* - Violation of Article II, Section 7 – Hiring of the *MARBA* Illinois Building Agreement
**Union File No. 07-294**

**Summary:**   On or about October 25, 2007 I stopped by a job site in McCook to card several people running equipment for several companies at the Federal Express Building, one being Action Fence.  When I carded the individual running the Skidsteer, he told me he was an Ironworker and not a member of Local 150.  I called the company, Action Fence, and spoke with the company's secretary and left a message for Art Duncan to return my call and let him know he was in violation of the contract. I have not received a return phone call and I took a picture and this matter remains unresolved.

**Violation Date:**   October 25, 2007  Aggregate (1 day)

**Took Pictures:**

**Relief Sought:**   Wages and fringe benefits for *Skidsteer Class IV*

| | | | |
|---|---|---|---|
| Wages | $36.95  x  8 Hours  = | $295.60 | – |
| Fringe Benefits | $17.93  x  8 Hours  = | $143.44 | |
| | Subtotal | **$439.04** | **To be paid to the IUOE Local 150 Assistance Fund** |

Paul Keska, Business Representative – Dist. 1
December 8, 2007
File No. 07-294



JOINT GRIEVANCE COMMITTEE
OPERATING ENGINEERS, LOCAL 150

| **CO-CHAIRMAN** | **CO-CHAIRMAN** |
|---|---|
| John Vignocchi/Joseph Benson | William E. Dugan |
| Mid-America Regional | President-Business Manager |
|   Bargaining Association | Local 150, International Union |
| 2720 River Road |   of Operating Engineers |
| Suite 222 | 6200 Joliet Road |
| Des Plaines, Illinois 60018 | Countryside, Illinois 60525 |
| Telephone: (847) 699-1283 | Telephone: (708) 482-8800 |

**VIA CERTIFIED & REGULAR MAIL**

January 17, 2008

Mr. Art Duncan                                      Mr. Paul Keska
Action Fence Contractor's, Inc.               Operating Engineers Local 150
945 Tower Road                         6200 Joliet Road
Mundelein, IL 60060                   Countryside, IL 60525

SUBJECT:    **Grievance No. 08-18**
                 **Union File No. 07-294**

Gentlemen:

A hearing of the above grievance will be held at the offices of the **Mid-America Regional Bargaining Association, 2720 River Road, Suite 222, Des Plaines, Illinois,** at the time and date indicated below:

          **DATE:  Wednesday, January 30, 2008**

          **TIME:  11:50 A. M.**

Please note that the Committee may, by majority vote, reach a binding decision and may act in the absence of either party. The proceedings assure an opportunity to present matters in your behalf, including any documented evidence, records, witnesses, etc., and to rebut testimony of the Grievant or his Representative.

Please address questions to the undersigned at the Des Plaines Avenue address and telephone shown. The telephone number of the MARBA office is (847) 699-1283 should you wish to contact the Joint Committee during hearing hours.

Sincerely,

*Carol A. Lord*

Carol A. Lord
Committee Secretary

cc:    Co-Chairmen
       Heidi Adams

**CERTIFIED MAIL #7004 1350 0003 1609 7170**

EXHIBIT
L

## JOINT GRIEVANCE COMMITTEE
## OPERATING ENGINEERS, LOCAL 150

**CO-CHAIRMEN**
John Vignocchi/Joseph Benson
Mid-America Regional
  Bargaining Association
2720 S. River Road
Suite 222
Des Plaines, Illinois  60018
TELEPHONE:  (847) 699-1283

**CO-CHAIRMAN**
William E. Dugan
President & Business Manager
Local 150, International Union
  of Operating Engineers
6200 Joliet Road
Countryside, Illinois  60525
TELEPHONE:  (708) 482-8800

January 31, 2008

Mr. Art Duncan
Action Fence Contractor's, Inc.
945 Tower Road
Mundelein, IL  60060

Mr. Paul Keska
Operating Engineers Local 150
6200 Joliet Road
Countryside, IL  60525

**SUBJECT:  Grievance No. 08-18**
              **Union File No. 07-294**

Gentlemen:

This is to confirm the decision of the Joint Committee in the above case as announced following a hearing on January 30, 2008, at the offices of the Mid-America Regional Bargaining Association, Des Plaines, Illinois.

Based on the testimony heard, the Committee, by majority decision, has determined as follows:

1) The Employer shall pay the Local 150 Assistance Fund the sum of $439.04.
2) The check should be sent to James McNally, Local 150 for distribution.

Your attention is directed to Article II, Section 1 of the Building Agreement which provides in part that: "Decisions of the Joint Grievance Committee and Arbitration Awards shall be complied with within seven (7) days of receipt of the decision by the losing party.  A party which fails to comply within the seven (7) day period shall be required to pay an additional ten percent (10%) of all amounts owed as liquidated damages for failure to comply with the decision or award.  In the event the prevailing party is required to file suit to enforce the decision or award, and it prevails, it shall be entitled to recover its costs, including attorney's fees, from the losing party."

Sincerely,

*Carol A. Lord*

Carol A. Lord
Committee Secretary

cc:    Co-Chairmen
       Heidi Adams



EXHIBIT
M

## JOINT GRIEVANCE COMMITTEE
## OPERATING ENGINEERS, LOCAL 150

**CO-CHAIRMAN**
John Vignocchi/Joseph Benson
Mid-America Regional
  Bargaining Association
2720 S. River Road
Suite 222
Des Plaines, Illinois  60018

TELEPHONE:  (847)  699-1283

**CO-CHAIRMAN**
William E. Dugan
President & Business Manager
Local 150, International Union
  of Operating Engineers
6200 Joliet Road
Countryside, Illinois  60525

TELEPHONE:  (708)  482-8800

Date: _1-30-08_

Grievance No.: _08-18_

# D E C I S I O N

Based on the testimony heard, the Committee by majority decision determined as follows:

1)    The Employer shall pay the Local 150 Assistance Fund the sum of $ _439.04_ .

2)    The check should be sent to James McNally, Local 150, for distribution.

APPROVED:

_____          _____
MANAGEMENT CHAIRMAN                 UNION CHAIRMAN

# INTERNATIONAL UNION OF OPERATING ENGINEERS
### LOCAL UNION NO. 150, 150B, 150A, 150C, 150RA, 150D, 150G, 150M
##### AFFILIATED WITH THE A.F.L.-C.I.O.

6140 JOLIET ROAD
COUNTRYSIDE, IL 60525



708-579-6663
FAX 708-588-1647

DALE D. PIERSON
ELIZABETH A. LaROSE
MELINDA S. HENSEL
ROBERT E. ENTIN
BRYAN P. DIEMER

**LEGAL DEPARTMENT**

April 10, 2008

CHARLES R. KISER
MARC R. POULOS
ROBERT G. REITER, JR.
MELISSA BINETTI
LAUREN SHAPIRO
KARL E. MASTERS

VIA FACSIMILE AND
CERTIFIED MAIL NO. 7005 1820 0001 6675 6664
RETURN RECEIPT REQUESTED
Mr. Art Duncan
Action Fence Contractor's Inc.
945 Tower Road
Mundelein, IL 60060

     Re:  Action Fence Contractor's Inc.
         Grievance No. 07-31; Union File No. 06-301 ($2,219.20)
         Grievance No. 07-32; Union File No. 06-302 ($2,047.20)
         Grievance No. 08-18; Union File No. 07-294 ($  439.04)
         Our File Nos. AE-00102, AE-00104 and AE-00112

Dear Mr. Duncan:

On November 14, 2007 and January 30, 2008, the Joint Grievance Committee, established pursuant to the Illinois Heavy, Highway and Underground Agreement between the Mid-America Regional Bargaining Association and the International Union of Operating Engineers, Local 150, issued awards against your company in favor of the Union in the total amount of $4,705.44. You previously received copies of the awards on November 15, 2007, January 11, 2008, January 31, 2008 and March 3, 2008. I have included copies of the awards with this letter. To date, these awards remain unpaid, and as a result, the Union is entitled to liquidated damages in the amount of $5,175.98.

The Union is prepared to file suit against your company in federal court in order to collect the amounts due. If you wish to avoid suit, please send payment to the attention of the undersigned immediately, payable to the "Local 150 Assistance Fund." Any payment must come in the form of a cashier's check.

Please be aware that the parties' contract provides that you are responsible for payment of attorneys' fees and court costs if the Union is required to file suit to enforce these awards. Thank you for your prompt attention to this matter.

        Sincerely,

        IUOE, LOCAL 150, AFL-CIO
        LEGAL DEPARTMENT

        Karl E. Masters

KEM:cbb
Enclosures
*(also sent via U.S. mail)*
cc:  James McNally
I:\AE\Action Fence Contractor's, Inc\initial demand letter.4.10.08.doc

**EXHIBIT**



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 75 |
| Certified Fee | 265 |
| Return Receipt Fee (Endorsement Required) | 215 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $5.55 |

Postmark Here

Sent To Art Duncan / Action Fence
Street, Apt. No.; or PO Box No. 945 Tower Rd
City, State, ZIP+4 Mundelien IL 60060

PS Form 3800, June 2002          See Reverse for Instructions

7005 1820 0001 6675 6664

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Art Duncan
Action Fence Contra
945 Tower Rd
Mundelien IL
    60060

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Erin Hill          ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
Erin Marshall

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

received
4/17/080

MUNDELEIN
APR 14 2008

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 1820 0001 6675 6664

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540